IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **STEPHANIE BROOKS** | **PLAINTIFFS** |
| vs. | CAUSE No. 3:25-CV-38-HTW-LGI |
| **WILLIE MARCH, HOLMES COUNTY SHERIFF; SHERIFF DEPUTY ROUNDTREE; SHERIFF DEPUTY LINWOOD GENIUS; SHERIFF DEPUTY ROOSEVELT MARCH; WILLIE ANDERSON, HOLMES COUNTY CONSTABLE; DEBRA EDWARDS, HOLMES COUNTY JUSTICE CLERK, VALERIE TILLMAN; JAMES BANKHEAD; and JOHN DOES 1-4, THOSE KNOWN AND UNKNOWN** | **DEFENDANTS** |

**ORDER**

Before this Court is the Motion to Dismiss [Dkt. 8] filed by Defendants Valerie Tillman ("Tillman") and James Bankhead ("Bankhead") pursuant to Rule 12(b)(6) [1] of the Federal Rules of Civil Procedure. Plaintiff Stephanie Brooks ("Plaintiff") opposes the motion [Dkt. 14]. Upon review of the Verified Complaint[2], the parties' submissions, and applicable law, the Court finds as follows.

---

[1] *Fed. R. Civ. P. 12(b)(6)* provides that a party may assert the defense of "failure to state a claim upon which relief can be granted" by motion.

[2] A Verified Complaint is sworn to under oath or accompanied by an affidavit; as such, it carries evidentiary weight at the pleading stage. See e.g. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## I. JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1331[3], which grants original jurisdiction to federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff has asserted a claim under 42 U.S.C. § 1983[4], seeking redress for the deprivation of property rights under color of state law in violation of the Fourteenth Amendment[5] to the United States Constitution.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b)[6], as all acts or omissions alleged occurred in Holmes County, Mississippi, which lies within the Southern District of Mississippi, Northern Division.

## II. BACKGROUND FACTS

Plaintiff Stephanie Brooks entered into a lease-purchase agreement with Defendant Tillman for her home at 15104 Hwy 17 South, Lexington, Mississippi; Defendant Bankhead, Tillman's husband, was not a party to the lease agreement. (Dkt 14, p. 1). On July 26, 2023, the residence was destroyed by fire. Tillman subsequently ceased making rent payments to Plaintiff, and Plaintiff's insurance provider recommended the property be demolished. (*Id*).

On September 13, 2023, Plaintiff initiated eviction proceedings against Tillman in Holmes County Justice Court, on grounds that Tillman was delinquent on her rent payments. (Verified

---

[3] *28 U.S.C. § 1331* provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4] *42 U.S.C. § 1983* provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects...any citizen...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

[5] *U.S. Const. amend. XIV, § 1* prohibits states from depriving "any person of life, liberty, or property, without due process of law."

[6] *28 U.S.C. § 1391(b)* provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..."

Compl., ¶ 11). The Justice Court entered an order on November 11, 2023, granting Tillman thirty (30) days to act or surrender the premises. (Id. ¶ 13). This Order stipulated that if Tillman took no action, the property would "go back to [the] Property Owner." (Id. ¶ 21).

On January 11, 2024, the Justice Court issued Warrant of Removal, at Plaintiff's request. Plaintiff alleges this Warrant was never served because Defendant Constable Willie Anderson, allegedly acting in coordination with Tillman and Bankhead, falsely claimed that the Justice Court's ruling had been appealed in Chancery Court. (Id. ¶15). According to the record, no such appeal had been filed at this time. Tillman and Bankhead, rather, filed a Chancery Court action on January 3, 2025, which featured a breach of contract claim—not an appeal of the Justice Court's ruling. See *Tillman v. Brooks*, Cause No.: 23cv150, Holmes County Chancery Court.

Plaintiff contends that repeatedly, and for more than a year, Defendants, including but not limited to, Tillman, Bankhead, Justice Court Clerk Debra Edwards, Constable Willie Anderson, Sheriff Willie March, and his deputies, continued to block Plaintiff from her property. During this time, says Plaintiff, Tillman and her husband, Bankhead, began to store and pile junks cars on Brooks' property, specifically, but not limited to: HLB 7883, AAI 1764, HLB 0222, HLB 5139. [Dkt. 14, p. 3].

On December 5, 2024, the Justice Court issued a Notice of Show Cause as to why Tillman was not evicted from Plaintiff's property. On January 2, 2025, a hearing was held on the same. Present at the hearing were: Plaintiff and her counsel; Tillman, Bankhead and their attorney; Justice Court Clerk Debra Edwards; and Constable Willie Anderson. At the conclusion of this hearing, the Justice Court entered an Order to remove Tillman in three (3) days. Plaintiff asserts, however, that Constable Willie Anderson refused to serve Tillman the Order of Removal.

Allegedly acting at the behest of Tillman and Bankhead, Defendant Constable Willie Anderson has not served Tillman the Order of Removal, to date.

According to Plaintiff, on January 6, 2025, Plaintiff arrived at her property with a contractor to begin demolition, and to remove "junk cars" from her property. Tillman, Bankhead, and Holmes County deputies (Defendants Sheriff Deputies Genius and Roundtree) ordered them to stop work, and the junk car removal was reversed at the deputies' direction.

On January 7, 2025, Tillman and Bankhead again summoned Holmes County deputies to block Brooks' efforts to secure her property. The deputies detained Brooks and her contractor at this time (Verified Comp. ¶24).

On January 17, 2025, Plaintiff filed her lawsuit *sub judice*, seeking a declaratory judgment in her favor; injunctive relief enjoining the Defendants from interfering and depriving her of her constitutional rights under the Fourteenth Amendment; compensatory damages; attorney's fees; and court costs (Id. p. 9).

On February 6, 2025, Defendants Tillman and Bankhead filed the subject Motion to Dismiss, arguing that Brooks had failed to state a claim against them under 42 U.S.C. § 1983 because they are not state officials or agents and their actions are not "fairly attributable to the State". Brooks opposes the motion, asserting that Tillman and Bankhead, as private persons, were "willful participants in joint activity" with state officials, making them liable under § 1983.

This Court agrees with Plaintiff, that she has stated a viable claim under § 1983, against the defendants Tillman and Bankhead, and **DENIES** the Motion to Dismiss for the reasons following.

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. The Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

Private individuals may act under color of law where they are "willful participants in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The United States Court of Appeals for the Fifth Circuit holds that plaintiffs must plausibly allege both "an agreement between the private and public defendants to commit an illegal act" and "a deprivation of constitutional rights." *Cherry Knoll, LLC v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019); *Hernandez v. Causey*, No. 23-60174, 2024 WL 603090, at *10–11 (5th Cir. Feb. 14, 2024).

In *Cherry Knoll, LLC v. Jones*, the Fifth Circuit reversed a district court's dismissal of a § 1983 claim brought by a private landowner against a municipality and its engineering contractor. The landowner alleged that city officials and a private engineering firm jointly obstructed

development by fabricating zoning concerns and manipulating permitting processes. The Fifth Circuit held that the plaintiff's detailed factual allegations—including emails, documents, and timeline—made it plausible that the private firm was a willful participant in a joint effort with public officials. The *Cherry Knoll* Court found that private defendants can be held liable under § 1983 when they act in concert with state officials intentionally to deprive a person of constitutional rights.

Here, Brooks alleges a similarly deliberate course of conduct where Tillman and Bankhead conspired with Holmes County officials to suppress the enforcement of valid court orders and physically obstruct her access to her property. Plaintiff has cited official misrepresentations, and alleged coordinated law enforcement intervention over a period of months, which, in this Court's eye, plausibly support Plaintiff's claim of a civil conspiracy to deprive her of her due process rights.

In *Hernandez v. Causey*, the Fifth Circuit again emphasized that private persons may be liable under § 1983 when they engage in joint activity with state actors. The plaintiff in *Hernandez* alleged that local police officers entered his home and arrested him based on direction from a private party, without a warrant or legal justification. The Fifth Circuit reiterated that the test is whether the private person was more than a mere informant or complainant—i.e., whether he/she was a knowing, willful participant in government action. The Court reversed summary judgment for the private actor, noting that evidence of multiple coordinated efforts between the state and private party sufficed to support the joint action theory.

Applying *Hernandez* here, this Court finds that Plaintiff has alleged that Tillman and Bankhead repeatedly invoked the involvement of Holmes County officials, who then allegedly misrepresented the status of legal proceedings, refused to serve court orders, and directly interfered

with Brooks' purportedly lawful control of her land. These actions are not incidental; they appear to show a pattern of collaborative conduct, plausibly giving rise to joint liability under § 1983.

Specifically, Plaintiff alleges:

- Constable Anderson refused to serve a valid Warrant of Removal based on information provided by Tillman and Bankhead.
- Justice Clerk Debra Edwards echoed Tillman and Bankhead's false claim that an appeal had been filed, despite the absence of any such filing.
- Tillman and Bankhead summoned deputies to the property multiple times and directed them to prevent Plaintiff from removing vehicles, demolishing the home, or occupying her own land
- Deputies detained Plaintiff, reversed towing services, and instructed that no action could be taken absent court intervention- allegedly all at the behest of private individuals Tillman and Bankhead.
- Allegedly acting at the behest of Tillman and Bankhead, Defendant Constable Willie Anderson has not served Tillman with the Order of Removal, issued by the Holmes County Justice Court.

These allegations, accepted as true, state a plausible claim that Tillman and Bankhead were "willful participants" in state action designed to deprive Plaintiff of her due process rights under the Fourteenth Amendment.

The conduct alleged exceeds mere "acquaintance" with officials or ordinary complaints to law enforcement. Plaintiff, instead, has detailed multiple, coordinated incidents over a sustained period, culminating in state actors' unlawful intervention. These facts, if proven, fall squarely within the joint action doctrine as recognized by the Fifth Circuit in *Cherry Knoll* and *Hernandez*.

### V.     CONCLUSION

The Court finds that Plaintiff's Verified Complaint sufficiently alleges that Defendants Tillman and Bankhead acted under color of state law through joint action with Holmes County officials. Accordingly, the motion to dismiss lacks merit.

**IT IS HEREBY ORDERED** that the Motion to Dismiss **[Dkt. 8]** filed by Defendants Valerie Tillman and James Bankhead is **DENIED.**

**SO ORDERED this the 24th day of September, 2025.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

.